IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 5:15-CV-16 |
| v. | ) ) | COMPLAINT |
| TRIANGLE CATERING, LLC, | ) ) | JURY TRIAL DEMAND |
| Defendant. | ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the bases of religion, and to provide appropriate relief to Michael Reddick, Jr. who was adversely affected by such practices. Specifically, the Equal Employment Opportunity Commission (the "Commission"), alleges that Defendant Triangle Catering, LLC ("Defendant"), discriminated against Reddick when it refused to accommodate Reddick's religious beliefs, and discharged him because of his religion, Rastafarian.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina, Western Division.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a North Carolina corporation doing business in the State of North Carolina and the City of Raleigh and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Reddick filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about December 2013, Defendant engaged in unlawful employment practices at its facility in Raleigh, North Carolina in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) when it refused to accommodate the religious belief of Michael Reddick, Jr. and discharged him because of his religion, Rastafarian.

8. Reddick has been a practicing Rastafarian for over 15 years. As a Rastafarian, Reddick holds the sincere religious belief that he must keep his head covered to prevent his spiritual energy from escaping into the atmosphere. In accordance with this belief, Reddick wears a small cap, which he refers to as a "crown," to cover his head.

9. On or about December 4, 2013, Reddick began working for Defendant as a Delivery Driver. On his first day of work, Reddick wore a black crown along with Defendant's uniform of black shirt and pants. Defendant did not say anything to Reddick about the crown on his first day of work.

10. On December 5, 2013, Reddick came to work, again wearing the black crown. Reddick was told by Defendant to remove the crown while he was working. Reddick informed Defendant that he could not remove the crown because of his religious beliefs. Defendant then sent Reddick home for the day and told him to return to work the next day.

11. On December 6, 2013, Reddick arrived to work, again wearing the black crown. Defendant informed Reddick that he could not work for Defendant while wearing the crown and terminated Reddick.

12. Defendant failed to accommodate Reddick's sincerely held religious belief that he wear the crown in order to keep his head covered. Defendant ultimately discharged Reddick because of his religion, Rastafarianism, when Reddick, because of his religious belief, refused to remove the crown while working for Defendant.

13. The effect of the practices complained of above has been to deprive Reddick of equal employment opportunities and otherwise adversely affect his status as an employee because of his religion.

14. The unlawful employment practices complained of above were intentional.

15. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Reddick.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from discriminating against current or future employees based on their religious beliefs and/or their refusal to violate their religious beliefs.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, including an effective policy prohibiting religious discrimination and allowing for religious accommodation, all of which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendant to make Reddick whole by providing appropriate back pay and benefits with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described above, including but not limited to reinstatement or front pay.

D. Order Defendant to make Reddick whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to job search expenses, in amounts to be determined at trial.

E. Order Defendant to make Reddick whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional pain, suffering, inconvenience, humiliation, loss of enjoyment of life, loss of civil rights and other non-pecuniary losses, in amounts to be determined at trial.

F. Order Defendant to pay Reddick punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 13th day of January, 2015.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Lynette A. Barnes
LYNETTE A. BARNES
Regional Attorney
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, NC  28202

/s/ Katherine A. Zimmerman
KATHERINE A. ZIMMERMAN
NC Bar No. 36393
Trial Attorney
Raleigh Area Office
434 Fayetteville Street, Suite 700
Raleigh, NC 27601
Phone:  (919) 856-4148
Fax:     (919) 856-4156
katherine.zimmerman@eeoc.gov

ATTORNEYS FOR PLAINTIFF