| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>  Plaintiff,<br><br>vs.<br><br>TRIANGLE CATERING, LLC,<br><br>  Defendant. | Case No. 5:15-cv-00016-FL<br><br>**CONSENT PROTECTIVE ORDER** |

This Consent Protective Order ("Protective Order") is entered pursuant to Rules 26(c) and (f) of the Federal Rules of Civil Procedure, as it appears to the Court that discovery and other exchanges and offers of information in the above-captioned action (the "Litigation") is likely to involve the disclosure of confidential information. For good cause appearing, it is hereby ORDERED that:

1. This Protective Order shall govern the designation, disclosure, and use and treatment of confidential information, documents, testimony or other tangible things produced in this action by Plaintiff, Defendant, future parties, and nonparties in the Litigation. This Protective Order shall govern until modified or superseded by a further Order of the Court.

2. The Scope of this Protective Order shall be as follows:

    (a) As used in this Protective Order, the term "Discovery Material" encompasses, but is not limited to: any type of document or testimony; any taped, recorded, filmed, electronic, written, or typed material, including the originals and all marked copies, whether different from the originals by reason of any notation made on such copies or otherwise; all deposition testimony; all interrogatories, document requests, requests for admission, and

subpoenas duces tecum, including all responses thereto; and any physical objects, things, or other information gained by inspection of any tangible thing.

(b) This Protective Order shall govern any and all (i) Discovery Material and all other materials produced or given in any proceedings in the Litigation by any party (including without limitation any future parties) to the Litigation, whether produced or given before or after entry of this Protective Order, including, but not limited to, Discovery Material produced in response to any discovery conducted by the parties; (ii) any documents, testimony, and other materials produced or given by a nonparty in the Litigation pursuant to subpoena or otherwise; and (iii) all copies, excerpts, and summaries thereof (collectively the "Material").

(c) A nonparty may invoke the protection of this Protective Order for any Material provided by it in connection with the Litigation, including, but not limited to, documents, deposition testimony and exhibits, and documents provided in response to subpoenas served on a nonparty. All confidential information of a nonparty as contained in such documents and depositions shall be protected hereunder in the same manner as the confidential information of the parties to this Protective Order as long as the nonparty agrees to be bound by this Protective Order and those subsequent amendments to this Protective Order concerning which the nonparty has received written notice and an opportunity to read and understand the terms of this Protective Order.

(d) As used in this Protective Order, the term "Confidential Material," encompasses, but is not limited to: any material, in whatever form produced or exchanged in connection with formal or informal discovery in this litigation that a party or party's attorney believes in good faith contains, reflects or concerns its trade secrets, confidential business or commercial information, personal and private information of individuals, private customer

information, or other sensitive or proprietary information which, if disclosed to third parties, such party reasonably believes would likely cause the party injury, prejudice, harm, damage or disadvantage.

(e) Any information or documents designated as Confidential Material under this Protective Order, including without limitation all information derived from Confidential Material and excerpts, copies, and summaries of Confidential Material, may not be used or disseminated except as provided in this Protective Order.

3. Confidential Material shall be designated by placing or affixing on such material "Confidential" or by otherwise notifying the other party of the designation in writing. A party may designate any information, document, testimony or other tangible thing that it furnishes in connection with this litigation as Confidential Material, and therefore subject to the provisions of this Protective Order. Without limiting the foregoing, deposition testimony and/or exhibits may be designated Confidential Material either by: (a) stating on the record of the deposition that such deposition, or portion thereof; or exhibit is confidential; or (b) stating in writing served upon counsel of record that such deposition, or portion thereof, or exhibit is confidential.

4. Materials designated as Confidential Material by another party may only be copied, disclosed, discussed, or inspected, in whole or in part, only for the purposes of prosecuting or defending against claims in this litigation (and for no other purpose, including without limitation any business or competitive purpose) and, except upon further order of the Court, only by the following persons:

(a) Each party;

(b) Attorneys of record of the parties to this action and such attorneys' regularly employed office staff and temporary employees assigned to work on this action;

(c) Officers and employees of the Plaintiff or Defendant who provide material assistance in the legal representation of the Plaintiff or Defendant in this action;

(d) Independent experts consulted by or assisting a party in this action;

(e) A deponent in this action (during a deposition or preparation therefor), when the Confidential Information is related to the questions asked to, or the testimony of such deponent or witness, and the deponent agrees to the terms of this Protective Order;

(f) The reporter transcribing a deposition where designated Confidential Information is involved;

(g) The Court and the regularly employed staff of the Court; and

(h) Any mediator or arbitrator selected with the consent of all parties or by the Court.

5. If a party believes in good faith that Material being produced contains highly sensitive Confidential Material that must be protected from disclosure to another party in this Litigation, such party may make an additional designation of Confidential Material as "Confidential – Attorneys' Eyes Only" ("Attorneys' Eyes Only Material"). Attorneys' Eyes Only Material shall be designated by placing or affixing on such material "Confidential – Attorneys' Eyes Only" or by otherwise notifying the other party of the designation in writing. Attorneys' Eyes Only Material shall be subject to the same protections and restrictions set forth in this Protective Order for Confidential Material, with the additional protection and restriction that such Attorneys' Eyes Only Material shall not be disclosed to a non-designating party or any officers, directors, or employees of the non-designating party. Only the persons identified in, and who comply with the requirements of, subparagraphs (b), (d), (e), (f), and (g) of Paragraph 4 of this Protective Order may have access to Attorneys' Eyes Only Material.

6. Counsel for a non-designating party may show specified Attorneys' Eyes Only material to a witness in preparation for a properly noticed and scheduled deposition only if the witness complies with Paragraph 7 of this Protective Order and either: (1) counsel for the designating party has consented in writing, or (2) upon a properly filed motion under Paragraph 13 below, the Court has ordered that inspection/review of the specified Attorneys' Eyes Only material is proper.

7. Before Confidential Material is disclosed to any person referenced in paragraphs 4(a), 4(c), 4(d), or 4(e) of this Protective Order, that person shall be required to read this Order in its entirety and sign a statement in the form of <u>Exhibit A</u> attached hereto signifying that person's agreement to abide by its terms. Copies of all such statements shall be maintained by counsel for the requesting party, and shall be delivered to counsel for the opposing party upon request at the conclusion of the litigation, provided that the identities of experts or consultants, including trial or jury consultants, who have not been identified as testifying experts need not be disclosed. If any person referenced in paragraphs 4(a), 4(c), 4(d), or 4(e) of this Protective Order to whom disclosure of Confidential Information is desired will not agree to read this Order in its entirety and execute Exhibit A prior to such disclosure, then the party seeking such disclosure must apply to the Court for a protective order before any such disclosure is made.

8. The production or disclosure of Confidential Material pursuant to the terms of this Protective Order by the producing party shall not waive or prejudice the right of the producing party to object to the production or admissibility of documents or information on grounds other than confidentiality in this action or on any grounds in any other action.

9. A party that intends to file with the Court pleadings or other papers containing or referring to Confidential Material, or to use or refer to the same in briefs, affidavits, or any other

documents or submissions, shall take all reasonable steps to have such matter filed under seal. The parties shall provide the Court with a Motion to Seal submitted to the Court in accordance with Section T of the Administrative Procedures Governing Filing and Service by Electronic Means for the U.S. District Court for the Eastern District of North Carolina and any relevant rules contained within the Local Rules Governing Civil Cases in such Court.

Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

10.     Subject to the rules of evidence and the terms of this Order, Confidential Material may be offered in evidence at trial, in support of any motion, or at any court hearing. The Court may, on its own motion or application of a party, establish restrictions upon the use of Confidential Material at the trial of this matter.

11.     The terms of this Protective Order are subject to modification, extension or limitation as may be hereinafter agreed to by the parties in writing or as ordered by the Court, and this Protective Order is without prejudice to the right of a party to request modification or

amendment of this Protective Order or additional restrictions in discovery in this action by further order of the Court. Any modifications, extensions or limitations agreed to in writing by the parties shall be deemed effective pending approval by the Court. Nothing herein shall be deemed to waive any privilege or exemption from production that a party may assert independent of this Protective Order.

12. Access to documents or information produced by a third-party pursuant to a subpoena served during the discovery period shall be considered Confidential Material from the day of their production to the day following twenty-one (21) days after their receipt by counsel for both parties, or such shorter period as the parties may agree upon. Thereafter, access to any such document or information shall remain restricted only if counsel of record for any party has notified counsel of record for the other parties that such documents or information have been designated as "Confidential" or "Confidential – Attorneys' Eyes Only" in accordance with the designation standards set forth previously in this Protective Order. Documents designated "Confidential" or "Confidential – Attorneys' Eyes Only" under this Paragraph may be disclosed only to those persons and under those conditions set forth in this Protective Order.

13. With respect to any Confidential Material covered by this Protective Order, a party may at any time serve upon counsel for the producing party a written notice of objection to the materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only". The producer or originator of the materials shall, within twenty-one (21) days of receipt of such notice, review the designated material sought to be reclassified, and promptly notify the other party in writing whether or not it will agree to the reclassification requested and, if not, whether it will agree to reclassify a redacted copy. For the purposes of this Protective Order, a facsimile transmission shall be deemed to have been received by the producer or originator of the materials

7

upon completion of the transmission of the same to that party's counsel of record. If no agreement can be reached, the requesting party may apply to the Court for an order that the information or documents so designated are not entitled to such status and protection. The designating party shall be given notice of the application and an opportunity to respond. In the event of such application, to maintain the status of the information or documents as Confidential Material under this Protective Order, the proponent of confidentiality must show there is good cause for the information or documents to have such designated protection. Failure to object to a designation under this Protective Order, or the absence of an objection to any such designation, shall not constitute an admission that any documents or materials so designated are, constitute, or contain Confidential Material.

14. Nothing contained in this Protective Order shall limit, expand, or otherwise affect the rights, obligations, or liabilities of any party concerning any information or document that such party has obtained, relinquished, or lost through means other than the discovery in this case referenced herein. For the purposes of the substantive claims in this litigation, nothing in this Protective Order shall be used to define or determine whether any document or information constitutes a trade secret or confidential information, or is otherwise a protected asset.

15. In the event that Confidential Material is produced without designating such documents or information "Confidential" or "Confidential – Attorneys' Eyes Only" prior to or contemporaneous with the production or disclosure of such documents or information, the party seeking such designation shall properly designate such documents or information as "Confidential" or "Confidential – Attorneys' Eyes Only" and the other parties shall be thereafter bound by such designations pursuant to the terms of this Protective Order. However, no party shall be deemed to be in breach of this Protective Order by reason of any use or disclosure of

such Confidential Material that occurred prior to notification of the correct designation. Production of such documents or information in this case without designation as "Confidential" or "Confidential – Attorneys' Eyes Only" shall not be deemed a waiver, in whole or in part, of any party's claim to confidentiality of such documents or information, either as to the specific information disclosed or as to any other information relating to the subject matter of the information disclosed.

16. Upon termination of this action, including without limitation any appeals or retrials, unless otherwise ordered by the Court, all parties shall retain or destroy all materials marked "Confidential" or "Confidential Attorneys' Eyes Only" (and any copies thereof) in accordance with each party's regular record keeping policies.

17. If requested, counsel for each party shall furnish a certificate of compliance that all Confidential Material produced to the party, as well as all summaries, excerpts, or copies of such materials, have been retained or destroyed in accordance with each party's regular record keeping policies. Notwithstanding anything to the contrary stated above, no party shall be obligated to return or destroy Confidential Material that was attached to or incorporated into a filing, made an exhibit, or incorporated into a written discovery response.

18. If a party receives a subpoena from a nonparty to this Protective Order seeking production or other disclosure of Confidential Material, that party shall promptly notify the party that designated such information Confidential Material, if possible within a period of time sufficient for such designating party to object to such production. Unless sooner required by the terms of the subpoena, a party shall not produce any information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" under this Protective Order until such time as the designating party has had an opportunity to object or otherwise respond to the subpoena.

19. The parties stipulate that this Court shall retain jurisdiction over them and any person to whom Confidential Material is disclosed to the extent necessary to enforce the terms of this Protective Order.

20. Subject to Paragraph 18 of this Protective Order, if a party desires to disclose Confidential Material to any persons not listed in Paragraph 4 of this Order, counsel for the party shall give written notice by United States mail and electronic mail communication to counsel for the opposing party of the intention to make such disclosure and describing with reasonable particularity the Confidential Material that is to be included in such disclosure. The opposing party shall have twenty-one (21) days following service of such notice to file any objections and/or a motion for a protective order prohibiting such disclosure. No disclosure shall be made until (i) after the expiration of the twenty-one (21) day period for objections as set forth above where the opposing party has failed to file objections and move for a protective order, or (ii) the issue has been resolved by the Court, or by agreement of the parties, where the opposing party has timely filed objections and moved for a protective order as set forth above.

21. Each person who receives Confidential Material designated in this action submits himself or herself to the personal jurisdiction of the Court, wherever he or she shall be found, solely for the purposes of the enforcement of this Protective Order.

22. This Protective Order is concerned only with procedures for the disclosure and use of Confidential Information during the pretrial stages of this action.

23. This Protective Order shall not preclude any party from applying to the Court for relief from any provision hereof, or from asserting that certain Confidential Material should receive different, greater or lesser confidentiality protection than that provided herein. The parties may modify this Protective Order at any time by an agreement in writing, signed by

counsel for the parties. Any such modification shall be put in the form of an order modifying this Protective Order and shall become effective upon the date on which it is entered by the Court. In addition, either party may move for an order modifying this Protective Order upon good cause shown. Prior to any such application, the party seeking to modify this Protective Order will meet with any other party to attempt to reach an agreement with respect to such modification.

24. The restrictions on disclosure or use of materials designated "Confidential" or "Confidential – Attorney Eyes Only" set forth in this Protective Order shall not apply to any such information to the extent that it:

(a) Was known to the requesting party, or in the case of documents, was properly in the possession of the requesting party, at the time of its disclosure by the producing party, and can be demonstrated as such, provided that the status of such material or documents under any other agreement shall not be affected; or

(b) Is now, or later becomes available to the public or the party through means other than disclosure which violates this Protective Order.

25. No reference may be made at trial to this Protective Order, except by order of the Court, and no inference or argument may be drawn from its entry or terms with regard to the trial (or hearing or other proceeding) on the merits of any issue in this action.

26. During the pendency of this Protective Order, the parties agree to fully abide by the terms of this Protective Order as if it had been executed by the Court, and submit themselves to the jurisdiction of the Court for purposes of enforcement of the Protective Order. Any Confidential Material produced by any party during the pendency of this Order shall receive full

protection under this Protective Order at all times, as if it had been produced following the execution of this Protective Order by the Court.

27. The ultimate disposition of materials protected under this Protective Order is subject to a final order of the Court on the completion of litigation.

This __13th__ day of ___July___, 2015.

_____
Judge Louise W. Flanagan
United States District Court Judge

WE CONSENT:

_____
Katherine Abigail Zimmerman
Equal Employment Opportunity Commission
434 Fayetteville St., Suite 700
Raleigh, NC 27601-1701
Telephone: (919) 856-4148
Fax: (919) 856-4156
E-mail: katherine.zimmerman@eeoc.gov

_____
John D. Cole
Jonathan Schulz
Attorneys for Defendant
Nexsen Pruet, PLLC
227 West Trade Street, Suite 1550
Charlotte, NC 28202
Telephone: (704) 339-0304
Fax: (704) 805-4730
E-mail: jcole@nexsenpruet.com
E-mail: jschulz@nexsenpruet.com

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>TRIANGLE CATERING, LLC,<br><br>Defendant. | Case No. 5:15-cv-00016-FL<br><br>**CONSENT PROTECTIVE ORDER** |

I have read the Consent Protective Order (the "Protective Order") concerning the confidentiality of information in the above-captioned litigation. I understand that the Protective Order is a Court order designed to preserve the confidentiality of certain designated documents and information contained therein. I also understand that the Protective Order restricts the use, disclosure, and retention of such designated documents and information contained therein, and it also requires the safeguarding and destruction of the designated documents and other materials containing confidential information.

I agree to comply with all provisions of the Protective Order. I also hereby submit myself to the jurisdiction of the Court solely for the purpose of enforcement of any provision of the Protective Order.

This the ____ day of _____, 201_.

Signature: _____

Name: _____

Address: _____
_____