IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CV-16-FL

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) ORDER AND<br>) MEMORANDUM AND |
| v. | ) RECOMMENDATION<br>) |
| TRIANGLE CATERING, LLC, | )<br>)<br>) |
| Defendant. | ) |

This matter comes before the court on Plaintiff's (1) Motion to Compel Discovery Responses [DE-49] and (2) Motion for Sanctions [DE-51]. All responsive briefing is complete and the matters raised in the motions are ripe of decision. Plaintiff's motion to compel has been referred here for determination and shall be considered in accordance with 28 U.S.C. § 636(b)(1)(A). In its motion for sanctions, however, Plaintiff seeks alternative dispositive relief in the form of striking certain affirmative defenses or precluding Defendant from supporting certain defenses in this litigation. [DE-51] at 1. Accordingly, the motion for sanctions shall be considered here for recommendation to the district court pursuant to 28 U.S.C. § 636(b)(1)(B).

## I. BACKGROUND

On January 13, 2015, Plaintiff Equal Employment Opportunity Commission ("Plaintiff") filed its complaint in this matter on behalf of Michael Reddick ("Reddick") alleging employment discrimination in violation of Title VII, 42 U.S.C. § 2000e. Compl. [DE-1]. In particular, Plaintiff alleges Defendant Triangle Catering, LLC ("Defendant") discriminated against Reddick when it refused to accommodate Reddick's Rastafarian religious belief of wearing a head covering ("crown")

and discharged Reddick on the basis of his religion. *Id.* On April 22, 2015, the court entered its Case Management Order ("CMO") in which it directed that no party shall serve more than 25 interrogatories, including all discrete subparts. [DE-15] at 2. Pursuant to the CMO, all discovery was to commence or be served in time to be completed by October 31, 2015, and all potentially dispositive motions were to be filed by December 1, 2015. *Id.* at 1, 6. On October 21, 2015, the court extended the discovery deadline to December 15, 2015, and the dispositive motion deadline to January 15, 2016. [DE-28]. Upon motion by Defendant to amend the CMO, and in light of a then-pending Memorandum and Recommendation regarding discovery-related motions, as well as additional discovery disputes forecasted by the parties to the court, on January 13, 2016, the court entered an order staying the deadline for dispositive motions until further order of the court. On January 14, 2016, Plaintiff filed its motion to compel [DE-49] and its motion for sanctions [DE-51].

## II. DISCUSSION

### A. Plaintiff's Motion to Compel Discovery Responses [DE-49]

On November 13, 2015, Plaintiff served by hand its Third Set of Interrogatories and Third Requests for Production of Documents [DE-49-1], to which Defendant served its responses on December 14, 2015. [DE-50-1, -50-2]. In its responses Defendant objected to each interrogatory on the grounds that Plaintiff had exceeded the limit of 25 interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure and the CMO. [DE-50-1] at 3-9. Defendant stated in its responses that it would produce documents, but Plaintiff asserts that Defendant has failed to produce a single document responsive to Plaintiff's requests. [DE-49] ¶ 4. Plaintiff sent a letter to Defendant dated December 29, 2015, explaining the reason Defendant's responses were deficient and asking Defendant to supplement its responses. [DE-50-3]. According to Plaintiff, after failed attempts to

make contact with Defendant to discuss the outstanding discovery, Plaintiff ultimately discussed the issue with Defendant, but Defendant declined to supplement its discovery responses. [DE-50] at 2. According to Plaintiff's motion, the discovery requests that are the subject of the motion to compel are Plaintiff's Interrogatory Nos. 14-24 and its Request for Production of Documents Nos. 32, 35-38, 42, 45 and 46.[1] [DE-49] at 3-7. The court addresses the outstanding discovery as it is presented in Plaintiff's motion.

### 1. Standard of Review

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides the general rule regarding the scope of discovery. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06CV00889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007) (unpublished) (internal quotation marks, alterations, and citations omitted); *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund., Inc. v. Sanders*, 437 U.S. 340, 351 (1978)); *Carr v. Double T Diner*, 272 F.R.D. 431, 433 (D. Md. 2010) ("The scope of relevancy under discovery rules is broad, such that relevancy encompasses any matter that bears or may bear on any issue that is or may be in the case").

---

[1] Plaintiff's brief does not address Interrogatory Nos. 18-19 or Request for Production Nos. 45-46 and, therefore, the court will not address these discovery requests.

3

Rule 37 of the Federal Rules of Civil Procedure provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if a party fails to answer an interrogatory under Rule 33 or fails to produce or make available for inspection requested documents under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). For purposes of a motion to compel, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). However, the Federal Rules also provide that

> the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). Additionally, "the court has 'substantial discretion' to grant or deny motions to compel discovery." *English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (unpublished) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). Finally, the party seeking the court's protection from responding to discovery must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law. *See Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402-03 (4th Cir. 2003); *see also Silicon Knights, Inc. v. Epic Games, Inc.*, 917 F. Supp. 2d 503, 533 (E.D.N.C. 2012) (allowing motion to compel where, among other things, the responding party relied on boilerplate objections and "failed to articulate any specific objection to any particular interrogatory or request for production, and therefore has waived any legitimate objection it otherwise could have raised.") (citation omitted);

4

*Hy–Ko Prods. Co. v. Hillman Group, Inc.*, No. 5:09-MC-32, 2009 WL 3258603, at *2 (E.D.N.C. Oct. 8, 2009) (unpublished) ("In the usual instance, objections to discovery which simply recite stock phrases are not colorable. Generally, the mere cry of burdensomeness or irrelevance without any statement in support of these objections is disfavored by the court."); *Mainstreet Collection, Inc.*, 270 F.R.D. at 240 (recognizing that boilerplate objections are not proper).

2. Plaintiff's Interrogatories and Requests for Production

   *a. Number of Interrogatories*

Defendant objects to the entirety of Plaintiff's interrogatories that are the subject of the motion on the grounds that they exceed the number of interrogatories permitted by the CMO and Federal Rule of Civil Procedure 33(a)(1). [DE-59] at 3-5. Rule 33(a)(1) provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). However, "[a]n interrogatory containing subparts directed at eliciting details concerning the common theme should be considered a single question for purposes of limits on interrogatories." *Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 572-73 (D. Md. 2010) (quoting 8A Charles Alan Wright et. al., *Federal Practice and Procedure* § 2168 (2d ed. 1994)); *Romanyk Consulting Corp. v. EBA Ernest Bland Assocs., P.C.*, 2013 WL 3280030, at *6 (D. Md. June 26, 2013) (unpublished); *see Nix v. Holbrook*, No. 5:13-CV-02173, 2015 WL 733778, at *4 n.1 (D. S.C. Feb. 20, 2015) (unpublished).

Defendant argues that a "conservative reading" of the interrogatories that Plaintiff has already served upon Defendant as part of its discovery in this case reveals the following: (1) Interrogatory Nos. 9 and 10 each contain two separate interrogatories; (2) Interrogatory Nos. 12, and 14-17 each contain at least two separate interrogatories, and arguably three separate interrogatories; and (3)

5

Interrogatory No. 24 contains at least two separate interrogatories, and arguably three or four separate interrogatories. [DE-59] at 4. Defendant's discussion of these interrogatories does not detail why each of the subparts should be considered discrete separate interrogatories. The court has reviewed each of the interrogatories identified by Defendant and finds that each should be counted as a single interrogatory. Accordingly, Defendant's objection to responding to these interrogatories on the basis of exceeding the permissible number of interrogatories is overruled.

### b. *Interrogatory Nos. 14 & 15 and Request for Production No. 35*

Interrogatory No. 14 seeks information regarding the non-hire of persons because of his or her criminal record between January 1, 2013 and September 30, 2014. [DE-49-1] at 2; [DE-50] at 4 n.1. Interrogatory No. 15 seeks information regarding the termination of any employee or independent contractor because of his or her criminal record since January 1, 2013. [DE-49-1] at 3. Document Request No. 35 seeks the production of a copy of Defendant's criminal background check policy during December 2013. *Id.* at 12. Defendant objects to the requests on the grounds that it has not placed its criminal background check policy at issue and that Defendant would have terminated Reddick upon learning that he lied on his job application. *Id.* at 5. Defendant also asserts that identifying all persons not hired or terminated because of a criminal record and providing copies of Defendant's criminal background check policy exceeds the information Plaintiff arguably needs to determine whether any applicant, employee, or independent contractor was not hired or terminated because of a criminal background check, and that Plaintiff's request is not proportional to the needs of the case. *Id.* at 5. Defendant argues further the amount in controversy is very limited, Defendant has minimal resources, the discovery sought is not necessary to evaluate one of Defendant's affirmative defenses, and thus the burden of production far outweighs any benefit that might accrue

6

to Plaintiff. *Id.*

Plaintiff contends Defendant has placed its policy related to hiring and employing individuals with criminal records at issue as Defendant contends Reddick would not have been hired because of his criminal record. [DE-50-3] at 2, 3. In its answer, Defendant has asserted a defense that "[a]ny award of damages to Plaintiff should be limited pursuant to the after-acquired evidence doctrine where applicable." [DE-7] at 6. In its supplemental response to Plaintiff's Interrogatory No. 10, seeking the basis for Defendant's after-acquired evidence affirmative defense, Defendant states that it "would have terminated Reddick based on his misrepresented and actual driving record and for misrepresentations on his job application, pursuant to its rules, policies, and practices. Reddick's work performance and other behavior warranted termination." [DE-59-1] at 5-6. The court also notes that there appears to already have been some discovery on this issue between the parties: Plaintiff's Interrogatory No. 3 seeks information on Defendant's policies and rules addressing criminal histories and/or background of job applicants, [DE-50-4] at 3; and Defendant has served requests for admission upon Plaintiff exploring whether Reddick was wearing his religious headdress at times which Defendant asserts he was carrying out acts for which he was either criminally charged or convicted, [DE-40-1].

The court finds the discovery requests at issue seek information sufficiently related to the claims and defenses in dispute. Moreover, Defendant has provided no support its conclusory assertion that responding to the requests is overly burdensome or otherwise objectionable. *See JAK Prods., Inc. v. Robert Bayer*, No. 2:15-CV-00361, 2015 WL 2452986, at *10 (S.D. W.Va. May 22, 2015) (unpublished) ("To prevail on the grounds of burdensomeness or breadth, the objecting party must do more to carry its burden than make conclusory and unsubstantiated arguments.") (citing

7

*Bank of Mongolia v. M & P Global Financial Services, Inc.*, 258 F.R.D. 514, 519 (S.D. Fla. 2009) ("A party objecting must explain the specific and particular way in which a request is vague, overly broad, or unduly burdensome. In addition, claims of undue burden should be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome")); *Convertino v. United States Dep't of Justice*, 565 F. Supp. 2d 10, 14 (D. D.C. 2008) (the court will only consider an unduly burdensome objection when the objecting party demonstrates how discovery is overly broad, burdensome, and oppressive by submitting affidavits or other evidence revealing the nature of the burden). Plaintiff's motion is allowed with respect to these requests and Defendant shall produce information responsive to these requests within 14 days of this order.

    *c.*    *Interrogatory Nos. 16, 17, 21-24 & Document Requests 36-38*

Each of these requests seeks information regarding the application of Defendant's policy or practice of checking the driving record for all workers who drive or might drive Defendant's vehicles in the performance of their job duties, as well as how persons whose driving records showed traffic infractions were treated.[2] [DE-50] at 6. Defendant objects to these requests on the grounds that they are not proportional to the needs of the case. The court finds that the requests are sufficiently related

---

[2] Interrogatory No. 16 seeks the identity of any person Defendant has not hired because of his or her driving record between January 1, 2013 and September 30, 2014; Interrogatory No. 17 seeks the identity of any employee or independent contractor terminated because of his or her driving record since January 1, 2013; Interrogatory No. 21 asks whether any action, including employment action, was taken as a result of an email received April 9, 2010 regarding Nile Taylor's driving record; Interrogatory No. 22 seeks the identity of any individual who was transferred from one position to another between January 1, 2013 and December 31, 2014; Interrogatory No. 23 seeks the identity of all individuals hired specifically for the 2013 holiday season; Interrogatory No. 24 seeks whether Defendant has transferred or reassigned any individual from the position of delivery driver to a non-driving position or modified anyone's job duties to remove driving as a result of their driving record or driving infraction. [DE-49-1] at 3-4, 5-6. The document requests seek a copy of all driving record checks Defendant executed between November 1, 2013 and September 30, 2014 (RFP 36), and a copy of the driving records of Nile Taylor (RFP 37) and Eddie Davis (RFP 38) that disqualified them from driving for Defendant. *Id.* at 13.

8

to the claims and defenses in this case, namely Defendant's asserted after-acquired affirmative defense and that Defendant's conclusory objections should be overruled. *See JAK Prods., Inc.*, 2015 WL 2452986, at *10. Plaintiff's motion is allowed with respect to these requests, and Defendant shall produce information responsive to these requests within 14 days of this order.

    *d.*  *Interrogatory No. 20 & Document Request No. 42*

Interrogatory No. 20 seeks the identity of all individuals whom Defendant hired as employees or who were contracted as independent contractors between December 6, 2013 and December 31, 2013. [DE-49-1] at 4-5. Document Request No. 42 seeks a copy of all tax forms signed by Reddick prior to or during his employment. *Id.* at 14. Defendant objects to these requests on the grounds that they are irrelevant, unduly burdensome, overly broad and disproportionate to the needs of the case. [DE-50-1] at 6; [DE-50-2] at 8-9.

Whether Reddick was an employee or independent contractor is a question of law for the court. *See Laredo v. CRST Malone, Inc.*, 820 F. Supp. 2d 698, 701 (E.D.N.C. 2011) (citing *Farlow v. Wachovia Bank of N.C., N.A.*, 259 F.3d 309, 313 (4th Cir. 2001)). In determining whether a hired party is an employee or independent contractor, the court

> consider[s] the hiring party's right to control the manner and means by which the product is accomplished. Among the other factors relevant to this inquiry are the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party. No one of these factors is determinative.

*Farlow*, 259 F.3d at 313 (quoting *Community for Creative Non–Violence v. Reid*, 490 U.S. 730, 751-

9

52 (1989)). Plaintiff's interrogatory seeks the identities of all individuals who worked for Defendant, whether as an employee or independent contractor, and its scope does not appear to be sufficiently related the employment relationship between Reddick and Defendant or to those factors considered by the court in determining whether Reddick was an employee or independent contractor. On the other hand, the discovery of tax forms signed by Reddick prior to and during the time he worked for Defendant appears related to the court's inquiry into his employment relationship with Defendant. Defendant has failed to carry its burden demonstrating the discovery of the tax documentation is otherwise objectionable. Accordingly, Plaintiff's motion is allowed in part and denied in part as it relates to these requests. Defendant's objection to the interrogatory is sustained; its objection to the document request is overruled. Defendant shall provide responsive documents within 14 days of this order.

### e. *Document Request No. 32*

Plaintiff seeks a copy of all correspondence Defendant (including its agents or attorneys) received from Plaintiff between August 1, 2014 and December 5, 2014 related to Reddick's discrimination charge. [DE-50-2] at 4. Defendant has objected to the request on the grounds that the documents sought are equally in the Plaintiff's possession or control and, as such, the requests are not proportionate to the needs of the case due to the parties' relative access to the information, the parties' resources, and whether the burden or expense of the proposed discovery outweighs the likely benefit. *Id.*

Defendant has asserted as an affirmative defense that Plaintiff's Title VII claims are barred to the extent Plaintiff failed to satisfy the jurisdictional, statutory and administrative prerequisites and conditions precedent for bringing those claims. [DE-7] at 4. Plaintiff's document request seeks

10

all correspondence that Defendant or its agents or attorneys received between August 1, 2014 and December 5, 2014, a period of time which encompasses the conciliation period in this case. [DE-50] at 9. Plaintiff posits that to the extent Defendant may claim Plaintiff failed to communicate with Defendant during the conciliation process, its request seeks all correspondence Defendant received from Plaintiff during the conciliation period. According to Plaintiff, these documents are therefore relevant to its communications with Defendant during the conciliation process and Defendant should be compelled to produce a copy of this correspondence. Alternatively, Plaintiff argues Defendant should be compelled to identify the documents already produced that contain or represent the correspondence.

Title VII imposes a duty on the EEOC to attempt conciliation of a discrimination charge prior to filing a lawsuit. *Mach Mining, LLC v. EEOC*, — U.S. —, 135 S. Ct. 1645, 1651 (2015); *see EEOC v. PBM Graphics*, 877 F. Supp. 2d 334, 359 (M.D.N.C. 2012). That obligation is a key component of the statutory scheme and is mandatory. *Mach Mining. LLC*, 135 S. Ct. at 1651; *EEOC v. Raymond Metal Prods., Co.*, 530 F.2d 590, 596 (4th Cir. 1976) ("The commission's statutory duty to attempt conciliation is among its most essential functions."). Title 42 U.S.C. § 2000e–5(b) provides that the Commission "shall endeavor to eliminate [an] alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion." To meet the statutory condition, the EEOC must "tell the employer about the claim—essentially, what practice has harmed which person or class—and must provide the employer with an opportunity to discuss the matter in an effort to achieve voluntary compliance. If the Commission does not take those specified actions, it has not satisfied Title VII's requirement to attempt conciliation." *Mach Mining*, 135 S. Ct. at 1652 (citing *Heckler v. Chaney*, 470 U.S. 821, 829 (1985)). The documents

11

sought by Plaintiff are relevant. Defendant's objection that Plaintiff has equal access to these documents, without more, is not sufficient to sustain its objection. The court also finds that producing correspondence over an approximate four-month period is not overly burdensome or otherwise objectionable. Accordingly, Plaintiff's motion is allowed as it relates to this request. Defendant shall produce documents responsive to this request within 14 days of this order.

**B.    Plaintiff's Motion for Sanctions [DE-51]**

On September 30, 2015, Plaintiff served Defendant with a notice of deposition to be held October 29, 2015, in accordance with Rule 30(b)(6). [DE-58-2]. The notice identified 19 topics of inquiry on which Defendant's designated representative would be examined. *Id.* at 5-7. Topic 15 of Plaintiff's list of topics for Defendant's 30(b)(6) designee is "[t]he factual basis for Defendant's Eighth Affirmative Defense that 'Plaintiff's Title VII claims are barred to the extent that she (sic) has failed to satisfy all jurisdictional, statutory and administrative prerequisites and conditions precedent for brining those claims.'" *Id.* at 6. Topic 16 is "[t]he factual basis for Defendant's Twentieth Affirmative Defense that 'Any award of damages to Plaintiff should be limited pursuant to the after-acquired evidence doctrine where applicable.'" *Id.*

By letter to Plaintiff dated October 15, 2015, Defendant indicated its objection to Plaintiff's proposed topics for 30(b)(6) examination. [DE-58-3]. With regard to topics 15 and 16, Defendant asserted that each sought information protected by the attorney-client privilege or the work-product doctrine and impermissibly sought legal conclusions from a witness. *Id.* at 7. Plaintiff subsequently withdrew its deposition notice after its lead counsel departed the agency and the deposition was not held as noticed. [DE-52] at 1-2 n.1.

Defendant responded to Plaintiff's written discovery requests seeking the bases for these

12

defenses. On October 16, 2015, Defendant provided its third supplemental responses to Plaintiff's First Set of Interrogatories. [DE-58-1]. In response to Interrogatory No. 9, requesting all facts supporting Defendant's eighth affirmative defense, Defendant responded as follows:

> Defendant objects to this interrogatory on the grounds that it is overly broad, vague, compound, and unduly burdensome. Defendant also objects to this interrogatory on the grounds that it seeks information protected under the attorney client privilege and/or the attorney work product doctrine. Subject to but without waiving the foregoing objections, among other things, Reddick did not file a timely charge alleging failure to accommodate. The Commission's Complaint exceeds the scope of the charge of discrimination. The Commission failed to give proper notice of the claims asserted. The Commission failed to engage in good faith conciliation. Reddick was at all times an independent contractor.

*Id.* at 5.

In response to Interrogatory No. 10, requesting all facts supporting Defendant's twentieth affirmative defense, Defendant responded as follows:

> Defendant objects to this interrogatory on the grounds that it is overly broad, vague, compound, and unduly burdensome. Defendant also objects to this interrogatory on the grounds that it seeks information protected under the attorney client privilege and/or the attorney work product doctrine. Subject to and without waiving the foregoing objections, among other things, Defendant would have terminated Reddick based on his misrepresented and actual driving record and for misrepresentations on his job application, pursuant to its rules, policies, and practices. Reddick's work performance and other behavior warranted termination.

*Id.* at 5-6. Plaintiff did not move to compel any further response from Defendant to these particular interrogatories.

On November 13, 2015, Plaintiff served Defendant with a notice of deposition to be held December 9, 2015, in accordance with Rule 30(b)(6). [DE-51-1]. The notice identified 28 topics of inquiry on which Defendant's designated representative would be examined. *Id.* at 3-6. Topic 24 of Plaintiff's list of topics is the identification of all facts supporting Defendant's eighth

13

affirmative defense that "Plaintiff's Title VII claims are barred to the extent that [Plaintiff] has failed to satisfy all jurisdictional, statutory and administrative prerequisites and conditions precedent for bringing those claims." [DE-51-1] at 6. Topic 25 is the identification of all facts supporting Defendant's twentieth affirmative Defense that "Any award of damages to Plaintiff should be limited pursuant to the after-acquired evidence doctrine where applicable."[3] *Id.* In a letter dated December 3, 2015, prior to the deposition, Defendant once again objected to each of the deposition topics. [DE-51-2]. Defendant objected to topics 24 and 25 on the grounds the topics seek information protected by the attorney-client privilege or attorney work-product doctrine and on the grounds the topic impermissibly seeks legal conclusions from a witness. *Id.* at 9. Plaintiff responded to Defendant by letter dated December 7, 2015, agreeing to narrow certain topics, not including either Topic 24 or 25. [DE-51-3]. However, Plaintiff indicated it would not agree to limit or withdraw the remaining deposition topics and that Plaintiff expected Defendant to designate and prepare its representative to testify on each topic in the notice, informing Defendant further that Plaintiff intended to go forward with the deposition as noticed on December 9, 2015. *Id.* at 1-2.

On December 9, 2015, Plaintiff deposed Defendant's representative, Michelle Suzanne Aldred, pursuant to Rule 30(b)(6). [DE-52-4]. When asked by Plaintiff's counsel during the deposition if she was prepared to testify about Topic 24, Aldred responded in the negative and directed her to Defendant's counsel. *Id.* at 3. As recorded in the deposition transcript, Defendant's counsel indicated that Defendant had objected to both Topics 24 and 25 and that Defendant would be "unable to designate a person to testify on those two topics" as explained in Defendant's December 3 letter. *Id.* Plaintiff's counsel responded that the nature of the inquiry is to seek facts.

---

[3] The topics appear to be the same as previously noticed but renumbered to account for additional topics.

14

*Id.* Defendant's counsel reiterated its objection that the topics seek legal conclusions and call for information protected by the attorney-client privilege and as work product. *Id.* at 3-4. Ultimately, Defendants' counsel advised that based on its stated objections, Aldred was not designated to testify on either topic. *Id.* at 4.

Following the deposition, in a letter dated January 4, 2016, Plaintiff attempted to resolve the dispute without court action by offering Defendant to designate a representative to testify to the disputed topics and pay the costs associated with reconvening the deposition. [DE-51-4]. The parties were unable to resolve their differences and Plaintiff's motion followed. Plaintiff seeks an order from the court striking Defendant's eighth and twentieth affirmative defenses as a sanction for its failure to designate a deposition witness on these topics. [DE-52]. Alternatively, Plaintiff seeks an order compelling Defendant to designate a representative for testimony and awarding Plaintiff its costs and reasonable attorney's fees related to rescheduling the deposition. *Id.*

The information Plaintiff seeks from Defendant's 30(b)(6) designee is the bases of certain of Defendant's affirmative defenses. Several courts have described this sort of discovery as "contention discovery." *See e.g., Clean Earth of Md., Inc v. Total Safety*, No. 2:10-CV-119, 2011 WL 4822381, at *7 (N.D. W.Va. Oct. 12, 2011) (unpublished) ("[C]ontention interrogatories have been defined as interrogatories that request a litigant 'to state what it contends; to state whether it makes a specific contention; to take a position, and explain or defend that position . . . or to state the legal or theoretical basis for a contention.'") (quoting *B. Braun Med. Inc. v. Abbot Lab.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (subsequent citations omitted); *see BB&T Corp. v. United States*, 233 F.R.D. 447, 448-49 (M.D.N.C. 2006) (describing contention deposition). Defendants have pointed to authority that the preferred method of discovery under the circumstances of this case is through

15

written interrogatories rather than through a 30(b)(6) deposition. *BB&T Corp.*, 233 F.R.D. at 448 (noting the favor for contention interrogatories over contention depositions because contention discovery will usually require the assistance of a party's attorney) (citing *United States v. Taylor*, 166 F.R.D. 356, 362 n.7 (M.D.N.C. 1996)); *see also Kinetic Concepts, Inc. v. Convatec, Inc.*, 268 F.R.D. 255, 260 (M.D.N.C. 2010).

The court is persuaded that a contention deposition under the present circumstances is not warranted. Defendant provided responses to Plaintiff's contention interrogatories to which Plaintiff did not object. *See BB&T Corp.*, 233 F.R.D. at 449 ("[U]ntil a party has first shown that the interrogatory process cannot be used, it may not seek to use depositions for contention discovery."). Other courts have observed that where Plaintiff has not first attempted to compel better responses to its contention interrogatories, Plaintiff has not demonstrated that a contention deposition is "the most cost-effective, least burdensome manner" to obtain "information that is sufficiently complete to meet the needs of the parties and the court." *Exxon Research v. United States*, 44 Fed. Cl. 597, 601 (1999) (quoting *McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 286 (N.D. Cal. 1991)); *see also Kinetic Concepts*, 268 F.R.D. at 263. The court notes that it appears Defendant's 30(b)(6) designee provided some testimony related to the facts underlying the affirmative defenses at issue while answering other topics propounded by Plaintiff, such as the EEOC's administrative prerequisites, Defendant's participation in conciliation, Defendant's policies and practices regarding the hiring of independent contractors, information regarding Reddick's classification as an independent contractor, the job duties and employment conditions of those delivery drivers paid via W-2 and 1099, Defendant's criminal background check policy, and the disqualification of applicants based on a criminal record. [DE-58] at 2 n.3. Under these

16

circumstances this court finds the sanctions sought by Plaintiff unwarranted and RECOMMENDS Plaintiff's motion be DENIED.

## III. CONCLUSION

For the reasons set forth above, it is hereby ordered that Plaintiff's Motion to Compel [DE-49] is ALLOWED IN PART AND DENIED IN PART, and it is RECOMMENDED that Plaintiff's Motion for Sanctions [DE-51] be DENIED.

IT IS DIRECTED that a copy of this Memorandum and Recommendation (M&R) be served on the respective parties or, if represented, their counsel. Each party shall have until **July 21, 2016** to file written objections to the M&R. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the M&R to which objection is made and may accept, reject, or modify the determinations in the M&R; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C. Any response to objections shall be filed within **10 days** of the filing of the objections.

**If a party does not file written objections to the M&R by the foregoing deadline, the party will be giving up the right to review of the M&R by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the M&R without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the M&R. *See Wright v. Collins,* 766 F.2d 841, 846-47 (4th Cir. 1985).**

So ordered and submitted, the 7th day of July 2016.

_____
Robert B. Jones, Jr.
United States Magistrate Judge

18